IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEMAN HARDWICK,<br><br>                Petitioner,<br><br>     v.<br><br>SUPERINTENDENT BROOKS, et al.,<br><br>                Respondents. | Civil Action No. 04-310E<br>JUDGE McLAUGHLIN<br>MAGISTRATE JUDGE BAXTER |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is recommended that this petition for writ of habeas corpus be dismissed and a certificate of appealability be denied.

**II.    REPORT**

Petitioner Freeman Hardwick is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania. He is serving an aggregate sentence of 11 to 30 years for aggravated assault and criminal conspiracy. Sentence was imposed in the Court of Common Pleas of Philadelphia County, Pennsylvania, in 1993. Petitioner challenges the decision by the Pennsylvania Board of Probation and Parole to deny him parole on June 14, 2004. Hardwick asserts that the Board's denials violate the Ex Post Facto Clause, and he relies solely upon a citation to <u>Mickens-Thomas v. Vaughn</u>, 321 F.3d 374 (3d Cir.) ("<u>Mickens-Thomas I</u>"), <u>cert. denied</u> <u>sub</u>. <u>nom</u>. <u>Gillis v. Hollawell</u>, 540 U.S. 875, 124 S.Ct. 229 (2003). In Hardwick's view, <u>Mickens-Thomas</u> requires that he be released from custody. Hardwick acknowledges that he did not attempt to appeal the denial of parole, but asserts that the Pennsylvania Supreme Court's refusal to acknowledge <u>Mickens-Thomas I</u> establishes that resort to state court remedies would be futile. The Commonwealth has responded to the petition (Docket #7) and asserts that Hardwick has not exhausted available state court remedies.

**1. Exhaustion.**

Hardwick concedes that he never attempted to appeal the Board's decision. Where a challenge is based on the Board's application of new statutory requirements, an ex post facto challenge may be brought in the Commonwealth Court. Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 290 (2001). Hardwick does not contest that such a remedy was available, but asserts that it would have been futile since the state courts do not agree with his ex post facto claim, as evidenced by their asserted refusal to follow the Mickens-Thomas I decision. Recent precedent from the Court of Appeals for the Third Circuit requires that this court reject this futility argument.

In Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), the district court granted relief to a petitioner who challenged the Board's denial of parole on ex post facto grounds. The district court reached the merits of the claim only after finding that exhaustion was excused due to the futility of raising an ex post facto claim in the Pennsylvania courts. The Court of Appeals reversed, and dismissed the petition, finding that the lower court committed error by excusing exhaustion of an ex post facto claim. "[S]tate courts should have been given the opportunity to review [a petitioner's] ex post facto claim . . .." 429 F.3d at 64. The same result necessarily applies here. Hardwick has not even attempted to exhaust available state court remedies as to his parole proceeding. As Parker teaches, an ex post facto challenge to a parole decision must be dismissed absent exhaustion of available state court remedies.

**2. Certificate of Appealability**

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, Hardwick has not made any showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

It is respectfully recommended that this petition be dismissed and a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

          /s/SusanParadise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2006

cc:    The Honorable Sean J. McLaughlin
       United States District Judge